IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED PROPERTY AND CASUALTY INSURANCE COMPANY, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. H-18-3227 |
| CHARLENE DAVIS and ROBIN HOLDER, | § § § | |
| Defendants. | § | |

**MEMORANDUM AND ORDER**

United Property and Casualty Insurance Company sued Charlene Davis and Robbin Holder, seeking a declaratory judgment that it has no duty under Davis's insurance policy to defend or to indemnify Davis in an underlying state-court lawsuit between Davis and Holder pending in the 234th Judicial District of Harris County, Texas. (Docket Entry No. 1). Davis moved to dismiss, and United Property responded. (Docket Entry Nos. 25, 27). After a careful review of the pleadings, the motion, response, and the applicable law, the court denies the motion to dismiss. The reasons for this ruling are detailed below.

**I.     Background**

This dispute arises from a homeowner's insurance policy that United Property issued to Davis for her LaPorte, Texas residence. (Docket Entry No. 1 at ¶ 3.1). The policy period ran from September 28, 2016 to September 28, 2017. (*Id.* at ¶ 3.5). In 2016, Doug Longron lived with Davis and ran a car repair business on the insured property. (*Id.* at ¶ 3.4). On October 13, 2016, Robbin Holder had her vehicle towed to the property for repair. Longron gave Holder a ride to the car so she could retrieve her belongings. (*Id.*). Holder alleged in the underlying litigation that while she

was on the property, Davis hit her with the butt of a handgun, which discharged, striking Holder. (*Id.*).

United Property alleges that the homeowner's policy does not cover the injuries and legal costs arising from that incident, because the policy covers only "damages due to an 'occurrence,'" including an accident resulting in bodily injury, but does not cover "expected or intended" bodily injury by the policyholder. (*Id.* at ¶¶ 4.2, 4.3). United Property alleges that Davis's actions were not accidental, excluding coverage. The policy also excludes from coverage bodily injuries "arising out of or in connection with a 'business' conducted from an 'insured location' or engaged in by an 'insured.'" (*Id.* at ¶ 3.6). United Property alleges that because "Longron, a person living on the insured premises, had been operating an automobile repair shop out of the insured premises," the policy excludes coverage for the incident, the state-court case, and related claims. (*Id.* at ¶ 4.4). United Property alleges that the policy's exclusion of bodily injury arising from "physical or mental abuse" also applies because "Davis assaulted Holder." (*Id.* at ¶ 4.5). United Property seeks a declaratory judgment that it has no duty to defend or indemnify in the underlying lawsuit. (*Id.* at ¶ 3.1).

Davis argues in her motion to dismiss that the court lacks subject-matter jurisdiction over this case; that the court should decline to exercise jurisdiction because a related case is pending in state court; and that United Property has failed to state a claim for which the court can grant relief. (Docket Entry No. 25).

## II. The 12(b)(1) Motion

### A. The Legal Standard

Federal Rule of Civil Procedure 12(b)(1) governs challenges to a court's subject-matter jurisdiction. "A case is properly dismissed for lack of subject[-]matter jurisdiction when the court lacks the statutory or constitutional authority to adjudicate the case." *Home Builders Ass'n of Miss.,*

*Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (quoting *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1187 (2d Cir. 1996)). "Courts may dismiss for lack of subject matter jurisdiction on any one of three bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Clark v. Tarrant Cty.*, 798 F.2d 736, 741 (5th Cir. 1986) (citing *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981)).

**B.     Analysis**

    **1.     Whether Diversity of Citizenship Exists for Jurisdiction Under § 1332**

Davis argues that the court should dismiss United Property's complaint for lack of subject-matter jurisdiction because there is not complete diversity of citizenship and the Declaratory Judgment Act, 28 U.S.C. § 2201, does not provide a basis for federal-question jurisdiction. (Docket Entry No. 25 at 1–3). Davis argues that because she has asserted third-party claims against Goosehead Insurance Agency, LLC, an alleged Texas citizen,[1] there is no longer complete diversity and dismissal is required. She also argues that she and Holder, both Texas citizens, should be realigned "on opposite sides of the litigation," which would destroy diversity. (*Id.* at 3).

United Property responds that this court has subject-matter jurisdiction through diversity jurisdiction. (Docket Entry No. 1 at ¶ 2.1). United Property alleges that the parties are diverse because Davis and Holder are both citizens of Texas and United Property has its principal place of business in Florida. (Docket Entry No. ¶¶ 2.1, 1.1–1.2).

While Davis is correct that complete diversity between the plaintiff and defendants is required, her claims against Goosehead assuming Texas citizenship, does not destroy diversity

---

[1] Goosehead denies that it is a Texas citizen in its answer to Davis's third-party complaint. (Docket Entry No. 24 at ¶ 2).

3

jurisdiction. Diversity of citizenship among parties is evaluated based on their citizenship when the action was filed. *Smith v. Sperling*, 354 U.S. 91, 93 (1957). Third-party defendants are evaluated under a different standard.

A district court cannot exercise supplemental jurisdiction "over claims by plaintiffs against persons made parties under Rule 14, 19, 20, or 24 . . . when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of" 28 U.S. § 1332," the statutory grant of diversity jurisdiction. 28 U.S.C. § 1367(b). Davis is not a "plaintiff" under § 1367(b) because "'plaintiff' in § 1367(b) refers to the original plaintiff in the action—not to a defendant that happens also to be a counter-plaintiff, cross-plaintiff, or third-party plaintiff." *State Nat'l Ins. Co. v. Yates*, 391 F.3d 577, 579–80 (5th Cir. 2004). Because United Property has alleged complete diversity of the parties' citizenship and over $75,000 in controversy, the court has subject-matter jurisdiction under § 1332.

Davis argues that she and Holder should be realigned to opposite sides of this litigation, defeating diversity because both are both Texas citizens. (Docket Entry No. 25 at 3). While Davis and Holder are adverse in the underlying lawsuit, they have the same interest in United Property covering any judgment or settlement against Davis in that suit. Courts in this circuit have reached this conclusion and rejected arguments for realignment in similar declaratory judgment cases. *See, e.g.*, *Dawson v. Legion Idenm. Co.*, No. 3:99-cv-2772-H, 2000 WL 124813, at *2 (N.D. Tex. Feb. 1, 2000) ("[T]he normal alignment of parties in a suit seeking a declaratory judgment of non-coverage is Insurer versus Insured and Injured Party." (quoting *Home Ins. Co. of Ill. v. Adco Oil Co.*, 154 F.3d 739 (7th Cir. 1998))); *see also Huntsman Corp. v. Int'l Risk Ins. Co.*, No. H-08-1542, 2008 WL 4453170, at *2–*11 (S.D. Tex. Sept. 26, 2008). This court finds that the parties' alignment is proper and that diversity of citizenship exists in this alignment.

**2.     Whether the Court Should Abstain from Exercising Jurisdiction**

The Declaratory Judgment Act, 28 U.S.C. § 2201(a), "is an enabling act, which confers discretion on the courts rather than an absolute right on a litigant." *Sherwin-Williams Co. v. Holmes Cty.*, 343 F.3d 383, 389 (5th Cir. 2003) (quoting *Wilton v. Seven Falls Co.*, 515 U.S. 277, 287 (1995)). Under *Brillhart v. Excess Insurance Co.*, 316 U.S. 491 (1942), a district court has broad discretion in determining whether to hear a case brought under the Declaratory Judgment Act, when there is a parallel state-court proceeding. *Id.* at 494–95; *see New Eng. Ins. Co. v. Barnett*, 561 F.3d 392, 394–95 (5th Cir. 2009) ("When a district court is considering abstaining from exercising jurisdiction over a declaratory judgment action, it must apply the standard derived from *Brillhart v. Excess Insurance Co. of America*." (quotation omitted)). The focus of the inquiry is "whether the questions in controversy between the parties to the federal suit . . . can be better settled in the proceeding pending in state court." *Brillhart*, 316 U.S. at 495; *see also Sherwin-Williams*, 343 F.3d at 389.

In analyzing whether to decide or dismiss a declaratory judgment suit, district courts in the Fifth Circuit apply *Sherwin-Williams Co. v. Holmes Cty.*, 343 F.3d 383 (5th Cir. 2003), asking: "(1) whether the declaratory action is justiciable; (2) whether the court has the authority to grant declaratory relief; and (3) whether to exercise its discretion to decide or dismiss the action." *Id.* at 387 (citing *Orix Credit All., Inc. v. Wolfe*, 212 F.3d 891, 895 (5th Cir. 2000)).

### i. Justiciability

A declaratory judgment action is justiciable if "a substantial controversy of sufficient immediacy and reality exists between parties having adverse legal interests." *Venator Grp. Specialty, Inc. v. Matthew/Muniot Family*, LLC, 322 F.3d 835, 838 (5th Cir. 2003). For a declaratory judgment action to be justiciable, it "must be such that it can presently be litigated and decided and not hypothetical, conjectural, conditional or based upon the possibility of a factual situation that may never develop." *AXA Re Prop. & Cas. Ins. Co. v. Day*, 162 F. App'x. 316, 319

5

(5th Cir. 2006) (citing *Brown & Root, Inc. v. Big Rock Corp.*, 383 F.2d 662, 665 (5th Cir. 1967)). A substantial controversy over whether there is coverage under an insurance policy is a justiciable issue. *Id.* at 319 ("Whether [a] policy provides coverage presents a live controversy.").

United Property and Davis disagree about whether United Property has a duty to defend Davis in the underlying lawsuit. Davis argues that her homeowner's insurance policy requires United Property to "pay for her entire defense in the underlying lawsuit and defend her against all claims asserted against her by Holder." (Docket Entry No. 25 at 5). United Property argues that the policy exclusions remove any duty to defend or indemnify Davis. (Docket Entry No. 1 at ¶ 4.1). Because United Property's declaratory judgment action seeks to resolve whether the policy covers the claims against Davis in the underlying state-court lawsuit, this action is justiciable.

### ii. Authority to Grant Relief

"[A] district court does not have authority to consider the merits of a declaratory judgment action when: (1) the declaratory defendant previously filed a cause of action in state court; (2) the state case involved the same issues as those in the federal court; and (3) the district court is prohibited from enjoining the state proceedings under the Anti-Injunction Act, 28 U.S.C. § 2283." *Sherwin-Williams*, 343 F.3d at 388 n.1 (citing *Travelers Ins. Co. v. La. Farm Bureau Fed'n, Inc.*, 996 F.2d 774, 776 (5th Cir. 1993)).

The first factor suggests that a federal district court lacks authority to grant relief when the underlying state-court action was filed before the federal action. *Great Lakes Dredge*, 2007 WL 2330187, at *10. Holder filed the underlying state-court action on July 3, 2018, over two months before United Property filed the declaratory judgment action in federal court on September 11, 2018. (*See* Docket Entry Nos. 1, 1-1). The first factor weighs against this court having authority to grant United Property's requested declaratory relief.

The second factor turns on whether the district court must decide the same issues that are before the state court. *See Sherwin-Williams*, 343 F.3d at 388 n. 1 (citing *Travelers Ins. Co.*, 996 F.2d at 776). When there are distinct issues in the state-court and federal-court actions, the second factor weighs in favor of the federal district court having the authority to grant relief. *AXA Re Prop.*, 162 F. App'x. at 320. In *AXA Re Property & Casualty Insurance Co. v. Day*, the decedent's heirs filed a state-court negligence action against a driver, who was insured by AXA under a commercial automobile policy, for negligently causing the death. *Id.* at 318. Eight months after the state-court lawsuit was filed, AXA filed a declaratory judgment action in federal court seeking a declaration that it was not required to defend or indemnify the driver in the pending state-court action. *Id.* The court found that the issue in the state-court negligence action, whether the driver was liable for the death, was "wholly distinct" from the issue in federal-court action, whether the policy provided coverage and a corresponding duty to defend. *Id.* at 320.

The main issue in Holder's underlying state-court action against Davis is whether Davis is liable to Holder for the injuries inflicted on Davis's property. The main issue before this court is whether United Property has a duty to defend Davis or whether the policy excludes coverage. These are distinct questions. *See GuideOne Elite Ins. Co. v. Fielder Rd. Baptist Church*, 197 S.W.3d 305, 308 (Tex. 2006) (when assessing whether there is a duty to defend, neither facts outside the pleadings nor the truth or falsity of the allegations should be considered because "only two documents are ordinarily relevant to the determination of the duty to defend: the policy and the pleadings of the third-party claimant."). Because the issues presented in the state and federal court litigations present different legal and factual inquiries, the second factor weighs in favor of this court having the authority to grant declaratory relief.

The third factor requires the district court to consider whether the Anti-Injunction Act prevents the federal court from enjoining the state court action. Under the Act, a district court "may

7

not grant an injunction to stay proceedings in a State court except as expressly authorized by [an] Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. In *AXA Re Property*, the court found that the Anti-Injunction Act did not bar relief in a declaratory judgment action because there was neither a state court action against insurer AXA, nor a state-court action with the same issues presented in the federal action. *AXA Re Prop.*, 162 F. App'x at 320. Here, there is neither a state court action against United Property, nor a state court action that involves the same issues presented in this action. The Anti-Injunction Act does not bar relief. The relevant factors weigh in favor of this court having the authority to grant relief.

### iii. Discretion Under the *Trejo* Factors

Under the third part of the *Sherwin-Williams* test, the Fifth Circuit has identified seven nonexclusive factors for a district court to consider when deciding whether to exercise its discretion to retain or dismiss a declaratory judgment action:

> (1) whether there is a pending state action in which all of the matters in controversy may be fully litigated; (2) whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant; (3) whether the plaintiff engaged in forum shopping in bringing the suit; (4) whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exist; (5) whether the federal court is a convenient forum for the parties and witnesses; (6) whether retaining the lawsuit would serve the purposes of judicial economy; and (7) whether the federal court is being called on to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit between the same parties is pending.

*St. Paul Ins. Co. v. Trejo*, 39 F.3d 585, 591 (5th Cir. 1994); *see also Sherwin-Williams*, 343 F.3d at 388. The seven *Trejo* factors address three aspects of deciding whether to decide or dismiss a declaratory judgment action: federalism, fairness, and efficiency. *Sherwin-Williams*, 343 F.3d at 388.

The first and seventh *Trejo* factors address the "proper allocation of decision-making between state and federal courts." *Id.* at 390–92. This court has not been asked to interpret a judicial state decree, making the seventh *Trejo* factor irrelevant. *See Gemini Ins. Co.*, 2011 WL 3323120, at *5 n.4. The first *Trejo* factor, "whether there is a pending state action in which the matters in controversy may be litigated, requires the court to examine comity and efficiency." *Id.* at 391. United Property is not a party in the state court suit and the issues in the state court and federal court are not parallel. *See also AXA Re Prop.*, 162 F. App'x at 320 (because the insurer was not a party to the state court action, no pending state action existed where all matters in controversy could be fully litigated). The issues presented in the underlying state lawsuit involve Davis's liability to Holder, while the federal lawsuit issues involve Davis's insurance coverage. Whether United Property has a duty to defend could be brought before the state court by intervening in the pending state action or by filing a separate declaratory judgment action in state court. Insurance coverage disputes are well-suited for resolution in federal declaratory judgment actions when diversity is present. Comity and efficiency do not present concerns.

The second, third, and fourth *Trejo* factors—whether the declaratory judgment action was filed before the defendant's lawsuit, whether there was improper forum shopping, and whether there are possible inequities—are concerned with fairness. *Sherwin-Williams*, 343 F.3d at 391. United Property was also not named as a party in the underlying case and did not file suit in anticipation of a lawsuit by Davis. Instead, it filed this federal action over two months after the state action was filed. (Docket Entry No. 27); *see Bedivere Ins. Co. v. Pac. Van & Storage of Tex., Inc.*, No. 3:16-CV-1111-D, 2017 WL 2572775, at *9 (N.D. Tex. June 14, 2017) (the second *Trejo* factor weighed against dismissal when plaintiff insurer, who was not a party to the underlying state lawsuit, filed a federal suit seeking a declaratory judgement that it had no duty to defend the insured in the previously filed underlying suit).

The forum shopping in this case is not of a sort that raises concerns. A court is more likely to find "impermissible forum shopping where the federal action would change the applicable law." *AXA Re Prop.*, 162 F. App'x at 321 (citing *Sherwin-Williams*, 343 F.3d at 399). The federal forum does not change the law that would apply in the state-court action; both apply Texas law. And the usual concern in a diversity action, "protect[ing] out-of-state defendants," is not implicated here. *Gemini Ins. Co. v. Hayssam Allaov*, No. H-10-3413, 2011 WL 3323120, at *4 (S.D. Tex. Aug. 2, 2011). United Property's principal place of business in Florida and the insured property is in Harris County, Texas. The out-of-state party is the plaintiff, not the defendant, Davis.

When there is no parallel state court proceeding involving the same issue, the plaintiff in the declaratory judgment suit does not gain precedence in time or change the forum. *Id.* at 321 ("[B]ecause there was no parallel state court proceeding involving the same issue, [the insurer] did not inequitably gain presence in time or change a previously selected forum for the declaration it sought."). United Property brought the declaratory judgment action in federal court to resolve an insurance coverage dispute that was not already pending in a state court suit.

"The next two *Trejo* factors—whether the federal court is a convenient forum for the parties and witnesses and whether retaining the lawsuit would serve judicial economy—primarily address efficiency considerations." *Sherwin-Williams*, 343 F.3d at 391. A forum need not be the most convenient forum for the parties, but it must not be "unduly burdensome." *See Sherwin-Williams*, 343 F.3d at 400. Davis resides in La Porte, within the Southern District of Texas. No party argues that the Houston forum is inconvenient. This fifth factor weighs in favor of retaining the federal suit.

The sixth factor addresses judicial economy and the desire to avoid "duplicative or piecemeal litigation where possible." *Sherwin-Williams*, 343 F.3d at 390–391. A court looks to both the parties and the issues in the state and federal actions. *Id. Agora Syndicate, Inc. v. Robinson*

10

*Janitorial Specialists, Inc.*, 149 F.3d 371 (5th Cir. 1998), is instructive. Agora, the insurer, was not a party to the underlying state-court liability suit or to any related pending state-court proceeding. *Id.* at 373. The state-court lawsuit was a wrongful death action, while the federal-court lawsuit sought a declaratory judgment that Agora had no duty to defend in the state court proceeding. *Id.* The court reasoned that a state-court decision on the issues of liability would have "no direct bearing on the insurance company's duty to defend" and a federal court decision on the insurance issues would have no impact on the state-court liability issues. *Id.* Because the state and federal cases were "not truly parallel," there were no concerns over duplicative litigation, weighing in favor of having the federal court retain the declaratory action. *Id.*

The question before the state court here is whether Davis is liable in tort to Holder. The question before the federal court is whether Davis's policy covers this claim. Whether United Property has a duty to defend is based on the insurance policy and the underlying suit pleadings, not on whether Davis is in fact liable to Holder. The efficiency factors weigh in favor of retaining the federal case.

The application of the *Trejo* factors, analyzed in light of *Brillhart*, supports the this court retaining jurisdiction over United Property's declaratory judgment action. The court has the authority, and exercises its discretion, to adjudicate United Property's declaratory judgment action.

**III. The Rule 12(b)(6) Motion**

**A. The Legal Standard**

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). A complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Rule 8 "does not require

'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To withstand a Rule 12(b)(6) motion, a "complaint must allege 'more than labels and conclusions,'" and "a formulaic recitation of the elements of a cause of action will not do." *Norris v. Hearst Tr.*, 500 F.3d 454, 464 (5th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555).

Rule 9(b) requires that, "[i]in alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." FED. R. CIV. P. 9(b). "At a minimum, Rule 9(b) requires that a plaintiff set forth the 'who, what, when, where, and how' of the alleged fraud." *United States ex rel. Thompson v. Columbia/HCA Healthcare Corp.*, 125 F.3d 899, 903 (5th Cir. 1997). The pleader must "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 177 (5th Cir. 1997). A claim that a fraud allegation is not made with the particularity required by Rule 9(b) is properly raised by a Rule 12(b)(6) motion to dismiss. *United States ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 185 n.8 (5th Cir. 2009).

When a complaint fails to state a claim, the court should generally give the plaintiff a chance to amend under Rule 15(a) before dismissing the action with prejudice, unless it is clear that to do so would be futile. *See Carroll v. Fort James Corp.*, 470 F.3d 1171, 1175 (5th Cir. 2006); *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002) ("[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal."). A court in its discretion may deny a motion to amend for futility if the amended complaint would fail to state a claim upon which relief could be granted. *Villarreal v. Wells Fargo Bank, N.A.*, 814 F.3d 763, 766 (5th Cir. 2016).

The decision to grant or deny leave to amend "is entrusted to the sound discretion of the district court." *Pervasive Software Inc. v. Lexware GMBH & Co. KG*, 688 F.3d 214, 232 (5th Cir. 2012).

**B.     Analysis**

A Rule 12(b)(6) motion "must be made before pleading if a responsive pleading is allowed." FED. R. CIV. P. 12(b). "A motion made under Rule 12(b)(6) that raises the defense of failure to state a claim upon which relief may be granted must be made before the service of a responsive pleading." 5B CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 1357 (3d ed.). United Property filed its complaint on September 11, 2018, and return of service of summons was executed against Davis on October 17, 2018. (Docket Entry Nos. 1, 5). Davis filed her answer on October 30, 2018. (Docket Entry No. 6). She filed an amended answer with a counterclaim against United Property on November 14, 2018. (Docket Entry No. 11). Davis did not file her motion to dismiss until December 21, 2018, over one month after her amended answer to United Property's complaint. Davis's arguments for dismissal under Rule 12(b)(6) are untimely.

However, Rule 12(h)(2) provides that "[f]ailure to state a claim upon which relief can be granted . . . may be raised . . . by a motion under Rule 12(c)." FED. R. CIV. P. 12(h)(2)(B). Courts have concluded that when a party argues that the plaintiff has failed to state a claim by a motion filed after an answer, the motion becomes one under Rule 12(c). *See, e.g.*, *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999); *Du Bois Warne*, 336 F. App'x 407, 409 (5th Cir. 2009); *Rushaid v. Nat'l Oilwell Varco, Inc.*, No. H-11-3390, 2012 WL 1981990, at *3 (S.D. Tex. June 1, 2012); *see also Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999); *Rep. Steel Corp. v. Penn. Eng'g Corp.*, 785 F.2d 174, 182 (7th Cir. 1986).

"A motion brought pursuant to Federal Rule of Civil Procedure 12(c) is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Great Plains Tr. Co. v.*

*Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002). The Rule 12(c) standard for judgment on the pleadings is the same as the standard for a motion to dismiss for failure to state a claim under Rule 12(b)(6). *Gentilello v. Rege*, 627 F.3d 540, 543–44 (5th Cir. 2010).

United Property's complaint satisfies the federal pleading standard. The complaint alleges that Davis's policy precludes coverage for the altercation and lawsuit between Davis and Holder because Davis's actions were intentional and because several policy exclusions apply. (Docket Entry No. 1 at ¶¶ 4.1–4.6). Davis argues that the exclusions United Property relies on do not apply when a property owner is protecting herself or her property because the policy covers the owner's negligence, and an ambiguity in the policy must be read against the insurer. (Docket Entry No. 25 at 5–6). Davis's motion suggests that she disputes both United Property's interpretation of the policy and the facts underlying United Property's allegation that it need not defend or indemnify Davis in the state-court case. These arguments are not focused on the insufficiency of the pleading and are more appropriate for cross-motions for summary judgment. The Rule 12(c) motion is denied, without prejudice to raising the arguments in a Rule 56 motion.

## IV. Conclusion

Davis's motion to dismiss for lack of subject-matter jurisdiction and for failure to state a claim is denied. (Docket Entry No. 25).

SIGNED on April 25, 2019, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge