United States District Court
Southern District of Texas
**ENTERED**
August 28, 2019
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED PROPERTY AND CASUALTY INSURANCE COMPANY, | § § § | |
| Plaintiff, | § § | |
| v. | § § § | CIVIL ACTION NO. H-18-3227 |
| CHARLENE DAVIS, and ROBIN HOLDER, | § § § | |
| Defendants. | § § | |

**MEMORANDUM AND ORDER**

United Property and Casualty Insurance Company sued Charlene Davis and Robbin Holder, seeking a declaratory judgment that it has no duty under the homeowner's insurance policy it issued Davis to defend or indemnify her in an underlying state-court lawsuit Holder filed against Davis in the 234th Judicial District Court of Harris County, Texas. (Docket Entry No. 1). In federal this suit, Davis asserted counterclaims against United Property, seeking a declaratory judgment that United Property must defend and indemnify her in the underlying lawsuit and alleging breach of contract, breach of the duty of good faith and fair dealing, and violations of the Texas Insurance Code and the Texas Deceptive Trade Practices Act. (Docket Entry No. 11). United Property has moved for judgment on the pleadings as to Davis's counterclaims under Federal Rule of Civil Procedure 12(c). (Docket Entry No. 29). Davis has not responded, and the motion is ripe.

After a careful review of the pleadings, the motion, and the applicable law, the court grants in part and denies in part the motion for judgment on the pleadings. (Docket Entry No. 29). The court dismisses Davis's contract-breach counterclaim based on United Property's alleged failure

to indemnify, without prejudice, because the duty to indemnify has not arisen. The court grants United Property's motion for judgment on the pleadings on Davis's counterclaims under the federal Declaratory Judgment Act, the Texas Insurance Code, and the Texas Deceptive Trade Practices Act, and dismisses those counterclaims, with leave to amend only the Texas Insurance Code and Texas Deceptive Trade Practices Act claims. The court dismisses Davis's Texas Declaratory Judgments Act claim, with prejudice and without leave to amend, because amendment would be futile. The court denies United Property's motion for judgment on the pleadings as to Davis's contract-breach counterclaim based on United Property's alleged failure to defend Davis. Davis must amend consistent with these rulings no later than **September 27, 2019**.

The reasons are set out in detail below.

I. **Background**

United Property issued Davis a homeowner's insurance policy for her LaPorte, Texas residence. (Docket Entry No. 1 at ¶ 3.5; Docket Entry No. 1-2; Docket Entry No. 11 at ¶ 10). The policy period ran from September 28, 2016, to September 28, 2017. (Docket Entry No. 1 at ¶ 3.5; Docket Entry No. 11 at ¶ 10). In 2016, Doug Longron lived with Davis on the insured property. (Docket Entry No. 11 at ¶ 9). On October 13, 2016, Robbin Holder's vehicle was on the property for Longron to repair. (*See id.* at ¶ 30). According to Davis, Holder arrived for her car and refused to leave, leading to a physical fight between Davis and Holder. (*Id.* at ¶ 31). Holder alleged in the underlying litigation that, while she was on the property, Davis hit her with the butt of a handgun, which discharged. The bullet hit Holder. (*Id.* at ¶ 33). Davis alleged self-defense. (*Id.* at ¶¶ 32, 36–38).

Davis's policy covered personal injury or property damage arising from an "occurrence" on her property. (Docket Entry No. 1 at ¶ 3.6; Docket Entry No. 11 at ¶ 11). If an "occurrence" caused personal injury or property damage, United Property was obligated to:

> 1. Pay up to our limit of liability for the damages for which an "insured" is legally liable. Damages include prejudgment interest awarded against an "insured"; and
>
> 2. Provide a defense at our expense by counsel of our choice, even if the suit is groundless, false or fraudulent. We may investigate and settle any claim or suit that we decide is appropriate. Our duty to settle or defend ends when our limit of liability for the "occurrence" has been exhausted by payment of a judgment or settlement.

(Docket Entry No. 1-2 at 23). The policy excluded personal liability coverage, but it did not extend to "'bodily injury' or 'property damage' which is expected or intended by an 'insured[,']' even if the resulting 'bodily injury' or 'property damage'" was "of a different kind, quality, or degree than initially expected or intended" or "a different person, entity, or property than initially expected or intended" sustained the damage. (*Id.* at 25). The policy also excluded coverage for losses from injuries resulting from a business on the covered property, and for damages for physical or mental abuse. (*Id.*).

United Property alleges that the homeowner's policy does not cover the injuries or losses arising from the September 2016 incident because, while the policy covers damages from accidents resulting in bodily injury, it does not cover "expected or intended" bodily injury by the policyholder. (*Id.* at ¶¶ 4.2, 4.3). According to United Property, Davis's actions were not accidental, excluding coverage. United Property also alleges that because "Longron, a person living on the insured premises, had been operating an automobile repair shop out of the insured premises," the policy excludes coverage for the claimed losses, including the costs of defending and indemnifying Davis in the state-court case. (*Id.* at ¶ 4.4). United Property alleges that the policy's exclusion of bodily injury arising from "physical or mental abuse" also applies because

"Davis assaulted Holder." (*Id.* at ¶ 4.5). United Property seeks a declaratory judgment that it has no duty to defend or indemnify Davis in the underlying lawsuit. (*Id.* at ¶ 3.1).

Davis's first amended answer included counterclaims for breach of contract, bad faith, and violations of the Texas Insurance Code and the Texas Deceptive Trade Practices Act and seeking damages and a declaratory judgment under the Texas Declaratory Judgments Act and the federal Declaratory Judgment Act. (Docket Entry No. 11 at ¶¶ 47–86). She alleged that the policy covered her use of force against Holder because "[t]he use of reasonable force in defense of persons or property is specifically excepted from the policy exclusion." (*Id.* at ¶ 40 (emphasis omitted)).

## II. The Legal Standard

"A motion brought pursuant to Federal Rule of Civil Procedure 12(c) is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002). The Rule 12(c) standard for judgment on the pleadings is the same as the standard under Rule 12(b)(6). *Gentilello v. Rege*, 627 F.3d 540, 543–44 (5th Cir. 2010).

Rule 12(b)(6) requires dismissal if a plaintiff fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). Rule 12(b)(6) must be read in conjunction with Rule 8's requirement of a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P.8(a)(2). A complaint must contain "only enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads

factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556).

To withstand a Rule 12(b)(6) motion, a "complaint must allege 'more than labels and conclusions,'" and "a formulaic recitation of the elements of a cause of action will not do." *Norris v. Hearst Tr.*, 500 F.3d 454, 464 (5th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (alteration in original) (quoting *Twombly*, 550 U.S. at 557). "[A] complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). "Conversely, when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court." *Id.* (quotation marks and alteration omitted).

In considering a motion to dismiss under Rule 12(b)(6), "a district court must limit itself to the contents of the pleadings, including attachments." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). Documents "attache[d] to a motion to dismiss are considered part of the pleadings, if they are referred to in the plaintiff's complaint and are central to [the] claim." *Id.* at 498–99 (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)). The court may also "take judicial notice of matters of public record." *Norris*, 500 F.3d at 461 n.9.

When a plaintiff's complaint fails to state a claim, the court should generally give the plaintiff a chance to amend under Rule 15(a) before dismissing the action with prejudice, unless it is clear that to do so would be futile. *See Carroll v. Fort James Corp.*, 470 F.3d 1171, 1175 (5th Cir. 2006) ("[Rule 15(a)] evinces a bias in favor of granting leave to amend." (quotation omitted)); *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002) ("[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal."). A court may deny a motion to amend as futile if an amended complaint would fail to state a claim upon which relief could be granted. *Pervasive Software Inc. v. Lexware GmbH & Co.*, 688 F.3d 214, 232 (5th Cir. 2012). Whether to grant or deny leave to amend "is entrusted to the sound discretion of the district court." *Id.*

### III.   Analysis

#### A.   The Breach-of-Contract Counterclaims

Davis alleges that United Property breached its obligations under by failing to defend her in the underlying case. (Docket Entry No. 11 at ¶ 51). She also alleges that United Property has shown that it will breach the policy by refusing to indemnify her if she "is ultimately found to be liable to Holder for bodily injury by failing to pay up to $300,000 for any damages." (*Id.*).

United Property argues that the court should dismiss the failure-to-indemnify counterclaim because it is not ripe. (Docket Entry No. 29 at 4). United Property contends that it "has not breached the Policy, and it is only speculative for Davis to claim that it will." (*Id.*).

United Property's argument implicates subject-matter jurisdiction. Article III of the Constitution limits federal courts to deciding "cases" and "controversies," which "must be ripe for

decision, meaning that [they] must not be premature or speculative." *Shields v. Norton*, 289 F.3d 832, 834–35 (5th Cir. 2002). "[T]he ripeness inquiry focuses on whether an injury that has not yet occurred is sufficiently likely to happen to justify judicial intervention." *Chevron U.S.A., Inc. v. Traillour Oil Co.*, 987 F.2d 1138, 1153 (5th Cir. 1993). "A court should dismiss a case for lack of 'ripeness' when the case is abstract or hypothetical." *Monk v. Huston*, 340 F.3d 279, 282 (5th Cir. 2003) (quoting *New Orleans Pub. Serv., Inc. v. Council of New Orleans*, 833 F.2d 583, 586 (5th Cir. 1987)).

"Under Texas law, 'the duty to indemnify only arises after an insured has been adjudicated, whether by judgment or settlement, to be legally responsible for damages in a lawsuit.'" *ASI Lloyds v. Newman*, No. H-12-1451, 2012 WL 13042502, at *6 (S.D. Tex. Nov. 27, 2012) (quoting *McGinnis v. Union Pac. R.R. Co.*, No. 3:07-cv-32, 2009 WL 2900277, at *3 (S.D. Tex. Sept. 8, 2009)). Because the state-court case is pending, even if United Property has a duty to indemnify Davis, that duty has not yet arisen or been breached. The court dismisses Davis's contract-breach counterclaim based on United Property's alleged failure to indemnify, without prejudice to later assertion.

United Property argues that the court should also dismiss Davis's contract-breach counterclaim based on United Property's alleged failure to provide her with a defense, because it "did offer to defend under a reservation of rights." (Docket Entry No. 29 at 4 n.1). Davis alleges that United Property "failed to perform its contractual obligation to '[p]rovide a defense [to Davis] at [UPC's] expense by counsel of [UPC's] choice, even if the suit is groundless, false or fraudulent.'" (Docket Entry No. 11 at ¶ 51 (second, third, and fourth alterations in original) (quoting Docket Entry No. 1-2 at 23)).

While indemnity disputes ordinarily are not ripe until the underlying obligation is determined, a "[d]efense may be required even if there never turns out to be any liability to indemnify." *Ace Am. Ins. Co. v. Huntsman Corp.*, 255 F.R.D. 179, 209 (S.D. Tex. 2008) (quoting *Lear Corp. v. Johnson Elec. Holdings Ltd.*, 353 F.3d 580, 583 (7th Cir. 2003)). On a motion to dismiss, the court must assume as true the complaint's well-pleaded factual allegations. *See Cuvillier*, 503 F.3d at 401. Davis alleges that United Property failed to provide her with a defense that met the policy obligations. (Docket Entry No. 11 at ¶ 51). United Property's argument that the court should dismiss this counterclaim because it offered to defend Davis, without specifying the limits of its offer, raises issues that cannot be resolved on this record. Texas law generally uses the "eight corners" or "complaint allegation" rule to determine whether an insurer has a duty to defend. *Potomac Ins. Co. of Ill. v. Jayhawk Med. Acceptance Corp.*, 198 F.3d 548, 551 (5th Cir. 2000). The eight-corners rule requires the finder of fact to compare the allegations in the underlying case—the suit against the insured—with the provisions of the insurance policy to determine if the allegations fit within the policy coverage. *Id.* If any allegation is within the scope of the policy, a duty to defend is triggered. *Id.* On the present record, the court denies United Property's motion to dismiss Davis's contract-breach counterclaim based on United Property's alleged failure to provide Davis with a defense under the policy.

**B.     The Breach of Good Faith and Fair Dealing Claim**

Davis alleges that United Property breached an implied duty of good faith and fair dealing "by denying her claim and request for a defense to Holder's claims against her, which it knew or should have known were reasonably clearly covered." (Docket Entry No. 11 at ¶ 66). United Property argues that the court should dismiss this claim because a plaintiff may bring a bad-faith

claim only when seeking coverage for her own losses, not when she seeks coverage of her injury to a third party. (Docket Entry No. 29 at 5).

Texas law imposes a duty of good faith and fair dealing on insurers towards their insureds based on "a *special relationship* between the parties governed or created by a contract." *Viles v. Sec. Nat'l Ins. Co.*, 788 S.W.2d 566, 567 (Tex. 1990) (emphasis in original) (quoting *Arnold Nat'l Cty. Mut. Fire Ins. Co.*, 725 S.W.2d 165, 167 (Tex. 1987)). An insurance company is liable for violating this duty if it "denies a claim when [it] knew or should have known that it was reasonably clear that the claim was covered," *Aleman v. Zenith Ins. Co.*, 343 S.W.3d 817, 822 (Tex. App.—El Paso 2011, no pet.) (citing *Universe Life Ins. Co. v. Giles*, 950 S.W.2d 48, 56 (Tex. 1997)), or if it fails to reasonably investigate a claim, *Accardo v. Am. First Lloyds Ins. Co.*, No. H-11-0008, 2012 WL 1576022, at *4 (S.D. Tex. May 3, 2012). But a bad-faith claim under Texas law is viable only when an insured seeks coverage for her own losses. *See Universe Life*, 950 S.W.2d at 53 n.2. The duty of good faith and fair dealing does not apply when an insured seeks coverage for injuries to a third party, or alleges that the insurer did not defend her under the policy.[1]

The court dismisses Davis's counterclaims for breach of the duty of good faith and fair dealing, with prejudice and without leave to amend, because amendment would be futile.

---

[1] *See Md. Ins. Co. v. Head Indus. Coatings & Servs., Inc.*, 938 S.W.2d 27, 28 (Tex. 1996) (per curiam); *see also Landing Council of Co-Owners v. Fed. Ins. Co.*, No. 4:15-cv-1902, 2015 WL 13685337, at *2 (S.D. Tex. Oct. 14, 2015); *M.S.I. Mktg., Inc. v. Hartford Lloyd's Ins. Co.*, No. 3:04-cv-1322-P, 2004 WL 2297134, at *2 (N.D. Tex. Oct. 12, 2004); *Southstar Corp. v. St. Paul Surplus Lines Ins. Co.*, 42 S.W.3d 187, 192 (Tex. App.—Corpus Christi-Edinburg 2001, no pet.). "An insured . . . has no claim for bad faith premised on the insurer's investigation or defense of a claim brought against it by a third party." *Med. Care Am., Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh*, 341 F.3d 415, 425 (5th Cir. 2003). "This is because 'an insured is fully protected against his insurer's refusal to defend or mishandling of a third-party claim by his contractual and *Stowers* rights,' which give rise to causes of action sounding in contract and negligence." *Id.* (quoting *Md. Ins. Co.*, 938 S.W.2d at 28–29); *see Aldous v. Darwin Nat'l Assurance Co.*, 851 F.3d 473, 484 (5th Cir. 2017), *vacated in part on other grounds on reh'g by* 889 F.3d 798 (5th Cir. 2018).

### C. The Texas Insurance Code and Deceptive Trade Practices Act Claims

Davis alleges that United Property violated the Texas Insurance Code and the Texas Deceptive Trade Practices Act by misrepresenting the policy terms, by denying coverage, and by not providing her a proper defense in her litigation with Holder. (Docket Entry No. 11 at ¶¶ 72–81). United Property argues that "[t]he essence of [Davis's] misrepresentation claims is that [United Property's] alleged denial of coverage rendered its promise to provide coverage under the terms of the policy false," which is "simply a renaming of her breach of contract claim." (Docket Entry No. 29 at 7).

The Texas Insurance Code states that it is "an unfair or deceptive act or practice" to:

(1) make, issue, or circulate or cause to be made, issued, or circulated an estimate, illustration, circular, or statement misrepresenting with respect to a policy issued or to be issued:

    (A) the terms of the policy;

    (B) the benefits or advantages promised by the policy; or

    (C) the dividends or share of surplus to be received on the policy;

(2) make a false or misleading statement regarding the dividends or share of surplus previously paid on a similar policy;

(3) make a misleading representation or misrepresentation regarding:

    (A) the financial condition of an insurer; or

    (B) the legal reserve system on which a life insurer operates;

(4) use a name or title of a policy or class of policies that misrepresents the true nature of the policy or class of policies; or

(5) make a misrepresentation to a policyholder insured by any insurer for the purpose of inducing or that tends to induce the policyholder to allow an existing policy to lapse or to forfeit or surrender the policy.

TEX. INS. CODE § 541.051. The Texas Insurance Code does not consider "a mere breach of contract [to be] a false, misleading[,] or deceptive act that constitutes an actionable

misrepresentation." *McManus v. State Farm Lloyds*, No. 3:02-cv-0657K, 2004 WL 2533558, at *5 (N.D. Tex. Nov. 8, 2004).

Davis's Texas Insurance Code counterclaim arises out of her allegation that United Property denied her coverage, including a defense, in the state-court litigation. She alleges that United Property misrepresented "the terms of the policy" by "denying [her] request for a defense and bringing this action against her," and that United Property has made a "misrepresentation by asserting that the definition of 'occurrence' in the policy only provides coverage for incidents which are entirely accidental," excluding acts in self-defense. (Docket Entry No. 11 at ¶ 75). Davis alleges that United Property misrepresented "the benefits or advantages promised by the policy" by denying her a defense. (*Id.* at ¶ 77). She also alleges that United Property "engaged in unfair settlement practices by failing to promptly provide to [her] a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the . . . denial of the claim against her and its refusal to provide her a defense." (*Id.* at ¶ 78). While she notes that United Property has offered "multiple bases for denial of the claims," she alleges that "none of these bases are reasonable in relation to the facts and the applicable law." (*Id.*).

Each of these claims concerns United Property's denial of Davis's demand for a defense and coverage. Davis has not alleged a "specific misrepresentation by the insurer or agent about the insurance." *ASI Lloyds*, 2012 WL 13042502, at *8. Without this allegation, "a policyholder's mistaken belief about the scope or availability of coverage is not generally actionable under . . . the Insurance Code." *Id.* Because Davis's counterclaims under the Texas Insurance Code reframe her breach-of-contract counterclaims, they are dismissed, without prejudice and with leave to amend.

Davis's Deceptive Trade Practices Act counterclaims are similarly deficient. Davis alleges that United Property is liable under § 17.46(b) of the Act for "representing that goods or services [had] sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have"; that the services were "of a particular standard, quality, or grade"; and that the policy "confers or involves rights, remedies, or obligations." (Docket Entry No. 11 at ¶ 75). She also alleges that United Property violated the Act by "failing to disclose information concerning goods or services which was known at the time of the transaction if such failure to disclose such information was intended to induce the consumer into a transaction" and by "us[ing] or employ[ing] an act or practice in violation of [the] Texas Insurance Code." (*Id.* at ¶¶ 75, 76). Again, she alleges that these misrepresentations were failing to defend her, and denying coverage, in the underlying litigation.

Under Texas law, "an allegation of a mere breach of contract, without more, does not constitute a false, misleading, or deceptive act in violation of the [Deceptive Trade Practices Act]." *Crawford v. Ace Sign, Inc.*, 917 S.W.2d 12, 14 (Tex. 1996) (internal quotation marks omitted) (quoting *Ashford Dev., Inc. v. USLife Real Estate Servs.*, 661 S.W.2d 933, 935 (Tex. 1983)). If the alleged injury "is only the economic loss to the subject of a contract itself, the action sounds in contract alone." *Dewayne Rogers Loggings, Inc. v. Propac Indus., Ltd.*, 299 S.W.3d 374, 387 (Tex. App.—Tyler 2009, pet. denied). If the essence of the allegations is that: "(1) the defendants represented that they would preform under the contract, and (2) nonperformance means that they misrepresented that they would perform under the contract," then the plaintiff has not stated a claim under the Act. *Crawford*, 917 S.W.2d at 14.

Davis's allegations are vague, but they are essentially a repacking of her breach-of-contract counterclaims. Davis's counterclaims under the Texas Deceptive Trade Practices Act are dismissed, without prejudice and with leave to amend.

### D. The Declaratory Judgment Counterclaims

"Davis seeks a declaratory judgment from this court that [United Property] must defend her" in the state-court litigation. (Docket Entry No. 11 at ¶ 62). United Property argues that the court should dismiss these federal Declaratory Judgment Act and Texas Declaratory Judgments Act counterclaims because they are "simply a mirror image of [United Property's] requested declaration in this suit." (Docket Entry No. 29 at 10).

The Texas Declaratory Judgments Act does not apply in federal court. *See Vera v. Bank of Am., N.A.*, 569 F. App'x 349, 352 (5th Cir. 2014) (per curiam) ("The [Texas Declaratory Judgments Act] is a procedural, and not a substantive, provision and therefore does not apply to actions in federal court." (citing *Utica Lloyd's of Tex. v. Mitchell*, 138 F.3d 208, 210 (5th Cir. 1998))). The court dismisses Davis's counterclaim seeking a declaratory judgment under the Texas Declaratory Judgments Act, with prejudice and without leave to amend, because amendment would be futile.

United Property urges the court to decline to exercise its jurisdiction over Davis's federal Declaratory Judgment Act claim. (Docket Entry No. 29 at 10). In *Orix Credit Alliance, Inc. v. Wolfe*, 212 F.3d 891 (5th Cir. 2000), the Fifth Circuit set out a three-step process for courts to follow in deciding whether to dismiss a declaratory judgment action. "A federal district court must determine: (1) whether the declaratory action is justiciable; (2) whether the court has the authority to grant declaratory relief; and (3) whether to exercise its discretion to decide or dismiss the action." *Sherwin–Williams Co. v. Holmes Cty.*, 343 F.3d 383, 387 (5th Cir. 2003) (discussing

*Orix*, 212 F.3d at 895). Courts have "discretion in determining whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter jurisdictional prerequisites." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 282 (1995).

Courts in this circuit typically dismiss declaratory judgment counterclaims that are mirror images of claims or that raise issues that turn on disputed facts that will be resolved in the underlying lawsuit. *See, e.g.*, *High v. City of Wylie*, No. 4:18-cv-364, 2019 WL 3557238, at *5 (E.D. Tex. Aug. 5, 2019) ("Here, Plaintiff requests declaration and confirmation on issues that will naturally be a part of the case regardless of if the Court issues a decision on the declaratory judgment. Thus, the Court declines to exercise its discretion over this declaratory judgment and finds it should be dismissed."); *Bowman v. Bella Estancias, LLC*, No. 3:17-cv-0091-KC, 2018 WL 1115202, at *3 (W.D. Tex. Feb. 15, 2018); *Am. Equip. Co., Inc. v. Turner Bros. Crane & Rigging, LLC*, No. 4:13-cv-2011, 2014 WL 3543720, at *4 (S.D. Tex. July 14, 2014); *Regus Mgmt. Grp., LLC v. Int'l Bus. Mach. Corp.*, No. 3:07–CV–1799–B, 2008 WL 2434245, at *2 (N.D. Tex. June 17, 2008) (dismissing a declaratory judgment claim as "repetitive and unnecessary"). Davis's declaratory judgment counterclaim mirrors United Property's declaratory judgment claim and does not allege new issues for the court to consider. Resolving United Property's declaratory judgment claim will be sufficient to address Davis's counterclaim for declaratory relief. Both United Property's claim and Davis's counterclaims rely on the same arguments and evidence—the insurance policy and the altercation between Davis and Holder. Considering this same evidence in deciding the merits of United Property's declaratory judgment claim and resolving that claim will dispose of Davis's counterclaims.

Because resolving United Property's declaratory judgment claim also resolves Davis's counterclaim for a federal-law declaratory judgment, the court declines to exercise its jurisdiction

over Davis's declaratory judgment counterclaim. This counterclaim is dismissed, without leave to amend.

## IV. Conclusion and Order

The court dismisses Davis's contract-breach counterclaim based on United Property's alleged failure to indemnify, without prejudice, because the claim is unripe. The court grants United Property's motion for judgment on Davis's federal declaratory judgment, Texas Insurance Code, and Texas Deceptive Trade Practices Act counterclaims, and dismisses those claims, without prejudice. The court dismisses Davis's Texas Declaratory Judgment Act claim, with prejudice and without leave to amend. The court denies United Property's motion for judgment on the pleadings for Davis's contract-breach counterclaim based on United Property's alleged failure to defend Davis. Davis must amend consistent with these rulings no later than **September 27, 2019**.

SIGNED on August 28, 2019, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge